**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ditech Financial, LLC, | Case No. 2:16-cv-00298-JAD-NJK |
| Plaintiff | |
| | **Order Striking Ditech's Demand for Security of Costs** |
| v. | |
| Hollywood Highlands East Landscape Maintenance Association, Inc., et al, | [ECF 25, 34] |
| Defendants | |

     I am asked to determine whether SFR Investments Pool 1, LLC, a Nevada limited-liability company and the defendant/counterclaimant in this mortgage-foreclosure dispute, must post a cost bond under Nevada's non-resident cost-bond statute.[1]  I conclude that the statute does not apply to this Nevada entity, and I strike Ditech Financial's demand.

**Discussion**

     This action challenges the 2013 nonjudicial foreclosure sale of the home located at 843 Carey Hall Street in Las Vegas, Nevada.  Ditech Financial, LLC claims that it is the beneficiary of the senior deed of trust on the home, which the Hollywood Highlands East Landscape Maintenance Association sold to SFR Investments Pool 1, LLC at a non-judicial foreclosure sale for a small fraction of the mortgage balance.[2]  If the HOA properly foreclosed on a superpriority lien under NRS Chapter 116, Ditech's interest was extinguished.[3]  Ditech brings this quiet-title and wrongful-foreclosure action in an attempt to avoid the effects of NRS Chapter 116.

     When SFR filed counterclaims against Ditech for slander of title and to quiet title in its favor, Ditech demanded that SFR post the cost-security bond that NRS 18.130(1) requires of

---

[1] ECF Nos. 25, 34.  I find these matters appropriate for resolution without oral argument.  L.R. 78-1.

[2] ECF No. 1.

[3] *SFR Inv. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc).

non-resident plaintiffs.[4]   The statute allows a defendant to demand "a plaintiff [who] resides out of state, or is a foreign corporation" to post security for "the costs and charges" that "may be awarded against" it.[5]   To trigger this obligation, the defendant must file and serve on the plaintiff "a written demand therefor within the time limited for answering the complaint."[6]   When a proper demand is made, NRS 18.130(1) imposes an automatic stay on "all proceedings in the action" until the plaintiff posts a bond for—or deposits cash in the amount of—$500.[7]   If the plaintiff fails to post the demanded security within 30 days of the notice, "the court or judge may order the action to be dismissed."[8]

SFR moves to strike Ditech's NRS 18.130 demand, arguing that (1) SFR is not a plaintiff, it's a defendant in this action, and (2) regardless, SFR is a Nevada entity.   Ditech responds that the Supreme Court has recognized that counterclaim-plaintiffs are effectively plaintiffs with respect to their own claims and that SFR is not a citizen of Nevada.[9]   Even if I were to adopt Ditech's broad interpretation of the term "plaintiff" to sweep in defendants who file counterclaims, I would still find the statute inapplicable here because SFR neither resides out of state nor is a foreign corporation.

---

[4] ECF No. 25.

[5] Nev. Rev. Stat. § 18.130(1).

[6] *Id*.

[7] *Id.*

[8] Nev. Rev. Stat. § 18.130(4).

[9] ECF No. 38.   I am perplexed by Ditech's disclaimer in footnotes 5 and 6 that "Ditech seeks this relief without prejudice to its contention [that] NRS 18.130(1) does not apply to this action." ECF No. 38 at 6, n.5–6.   This is not Shrödinger's cat.   Either the statute applies or it does not; Ditech cannot have it both ways.

**A.     SFR is not a foreign corporation.**

I can swiftly dispense with the notion that SFR is a "foreign corporation."  Both Ditech and SFR allege that SFR is "a Nevada limited liability company."[10]  Though limited-liability companies and corporations are both artificial entities, they have distinct characteristics and are treated separately under Nevada law.[11]  SFR is not a corporation at all, let alone a foreign one.

**B.     SFR does not reside out of state.**

Nor does SFR "reside[] out of state."  Unincorporated associations are generally deemed to reside where they maintain their principal place of business,[12] and SFR has demonstrated with the authenticated transcript of Christopher Hardin's deposition that SFR operates solely in Nevada.[13]  I thus cannot conclude that SFR resides out of state.

---

[10] ECF No. 1 at ¶ 4; ECF No. 22 at ¶ 4.

[11] *Compare* NRS Chapter 86 (limited-liability companies) with NRS Chapter 80 (foreign corporations); *see generally Weddell v. H2O, Inc.*, 271 P.3d 743, 748 (Nev. 2012).

[12] *See, e.g., Denver & R.G.W.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 562 (1967); *see also* Charles Alan Wright, Arthur Miller, et al., Federal Practice & Procedure § 3812 (4th ed.) (noting that "courts long ago equated the residence of corporations and of unincorporated associations for venue purposes").

Ditech also makes much of the fact that SFR is not a Nevada citizen, *see* ECF No. 38 at 5, but citizenship, which turns on domicile, and residency are different and distinct concepts. *See, e.g, Emerald Inv'rs Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 208 (3d Cir. 2007) (quoting *Martinez v. Bynum*, 461 U.S. 321, 338–39 (1983) (Marshall, J., dissenting) ("A difference between the concepts of residence and domicile has long been recognized.  A person is generally a resident of any state with which he has a well-settled connection.").  Ditech's reliance on the unreported order in *Hunt v. Aurora Loan Serv., LLC*, 2011 WL 2200811 (D. Or., June 6, 2011), citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990), for the proposition that the Supreme Court "has made clear that the citizenship and residence" of an LLC "depends on the citizenship of all of its members rather than whether the company does business in a particular state," is unpersuasive.  The question for the *Carden* court was how to determine the citizenship of a limited partnership for diversity purposes; residency was not at issue.  *See Carden*, 494 U.S. at 195–96.

[13] ECF No. 34-1 at 5.

**C.      The history of and policy behind the statute do not support its application to SFR.**

Assuming without deciding that NRS 18.130 is ambiguous and the term "foreign corporation" reasonably could be construed to include LLCs that are not citizens of Nevada for diversity purposes, traditional rules of statutory interpretation also would lead me to conclude that SFR is not required to post a cost bond in this case.  "To interpret an ambiguous statute, [the court must] look to the legislative history and construe the statute in a manner that is consistent with reason and public policy."[14]

NRS 18.130 applies to two classes of plaintiffs: those who reside out of state and foreign corporations.  When the Nevada legislature adopted the non-resident cost-bond requirement—and even when this statute was last amended in 1971—limited-liability companies had not yet been recognized as an organizational form.[15]  As the Nevada Supreme Court recounted in *Weddell v. H2O, Inc.*, Wyoming was the first state to recognize "the statutorily based creature of an LLC" in 1977, and Nevada did not follow suit until 1991.  Because LLCs did not exist the last time that the Nevada legislature took up this non-resident cost-bond statute, lawmakers could not have intended to include LLCs like SFR within the term "foreign corporation."

Statutory intent further supports my conclusion that SFR is not subject to this cost-bond requirement.  The purpose of the statute, as explained by the Nevada Supreme Court in *Biscay v. MGM Resorts*, is to "allow[] defendants to protect themselves from the dangers of litigating against nonresident plaintiffs."[16]  Those dangers typically include the difficulty of collecting a

---

[14] *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011).  Because I am sitting in diversity, I apply Nevada's rules of statutory construction.

[15] *See, e.g.,* A.B. 77, 1971 Leg. Sess., Committee on Judiciary (April 7, 1971) (most recent amendment to NRS 18.130); *Weddell v. H2O, Inc.*, 271 P.3d 743,  (Nev. 2012) (noting, "[w]ith the goal of attracting new business to Nevada, the Secretary of State, with the support of the Attorney General, proposed the adoption of 'the LLC' in 1991 as part of a comprehensive bill, A.B. 655, to streamline the corporate law in this state.").

[16] *Biscay v. MGM Resorts Int'l*, 352 P.3d 1148, 1149 (Nev. 2015).

judgment "from a nonresident litigant who probably has no assets in, and few ties to, the forum" state.[17]  As the Nevada legislature tacitly recognized by requiring cost bonds only from foreign corporations and not domestic ones, this statutory purpose is not furthered by applying the statute to entities organized under Nevada law, regardless of their state of citizenship.  Like Nevada corporations, Nevada LLCs are required to designate a resident agent for service of process,[18] and they are tied to Nevada because they must pay annual fees[19] and comply with the various other requirements of NRS Chapter 86.  In short, the typical risks of litigating against non-resident parties are not present here.  Thus, when I apply Nevada's rules of statutory interpretation and construe NRS 18.130 in a manner consistent with reason and public policy, I still conclude that this statute does not apply to limited-liability companies organized under Nevada law.

**Conclusion**

SFR does not fall into either of the two categories of plaintiffs from which a cost bond may be demanded under NRS 18.130.  Accordingly, IT IS HEREBY ORDERED that

- SFR's Motion to Strike Ditech's Demand for Security of Costs **[ECF No. 34] is GRANTED**; and

- The Clerk of Court is directed to **STRIKE Ditech's Demand for Security of Costs [ECF No. 25]**.

Dated July 13, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[17] 35B C.J.S. *Federal Civil Procedure* § 1344.

[18] *See* Nev. Rev. Stat. § 86.231 (resident-agent requirement for LLCs); Nev. Rev. Stat. § 14.020 (penalties for failing to comply with resident-agent requirements).

[19] Nev. Rev. Stat. §§ 86.263–264.